# HAYS *v.* STATE.

(Division A.   Nov. 16, 1931.)

[137 So. 489.   No. 29712.]

**Stone & Stone,** of Coffeeville, for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an appeal from an adverse judgment entered by a justice of the peace to the circuit court, appellant was there convicted of a failure to work the road, or pay the commutation tax levied in lieu thereof under chapter 150, Laws of 1910, and amendments thereto, and from the sentence of the circuit court he prosecutes an appeal here.

The appellant assigns three distinct serious grounds of error, but we shall consider only one: The contention

that the conviction must fail and that the appellant was entitled to an acquittal in the court below for the reason that the offense charged was for not paying the commutation tax of $5 or not working the roads eight days in lieu thereof, prior to February 1, 1930, for the year 1929, and the state failed to prove that such tax for the year 1929 was levied by the board of supervisors.

This prosecution is founded on, and must be maintained by, the provisions of chapter 157 of the Laws of 1928. We deem it unnecessary to trace the various amendments of chapter 150 of the Laws of 1910.

In March, 1924, the board of supervisors passed an order to the effect that road district No. 5 would be worked under the provisions of chapter 177 of the Laws of 1916 and the amendments thereto, and said chapter 157 of the Laws of 1928 is an amendment to chapter 177 of the Laws of 1916. The pertinent part of section 2 of chapter 157, Laws of 1928, is as follows: ''The board of supervisors may raise funds for working, constructing, and maintaining public roads or building bridges, as provided in this act, by a commutation tax of five dollars ($5.00) on all persons subject to road duty, by an ad valorem tax on all assessed taxable property in the county or supervisor's district or districts, or by an acreage tax, or by a bond issue, or by any or all of said methods.'' We also quote part of section 3 of said act: ''Any person, in lieu of the commutation tax of five dollars, shall have the right to perform eight days of work under the commissioner or other road authority of his district, for which the tax collector shall receive credit; *provided such work shall be done prior to the first day of February following the levy of the same,* and each commissioner or other road authority shall, by the first day of February following the levy of same, report in writing the names of those who have worked out their time to the tax collector, who shall note the same on his roll.'' (Italics ours.) The remainder of the section makes the failure to comply with the terms of the statute a misdemeanor,

and provides for the prosecution and punishment of the crime.

On the point here involved the state offered in evidence an order of the board of supervisors levying the commutation tax as provided in section 2 of chapter 157, Laws of 1928, on all male inhabitants between the ages of eighteen and fifty-five. The state further offered in evidence an assessment roll for the year 1929, showing the appellant to be assessed with personal property, "poll-road." No effort was made to offer any order of the board of supervisors making a levy of commutation taxes for the year 1929. It was clear that the appellant did not work the road or pay the tax.

The assessment roll and the order levying a tax by the board of supervisors are entirely different matters. Section 2, quoted above, clearly invests the board of supervisors with the option of levying the commutation tax, an ad valorem tax on the taxable property, an acreage tax, a bond issue, or any one of the methods or all of the methods. It clearly means that there must be a levy of the commutation tax on the persons subject to be so taxed. The order made in 1928 to be effective to sustain a conviction of this appellant must be held to be continuing from year to year. Sections 2 and 3 of chapter 157, Laws of 1928, taken together, clearly negative that idea. The language in section 3, "provided such work shall be done prior to the first day of February following the levy of the same" (referring to the commutation tax) indicates that the person has the option to perform the work prior to the 1st day of February following the levy of the tax, making it evident that the levy of the tax made by the board of supervisors in 1928 was not a continuing order, but that the order must be made by the board of supervisors for the year 1929 levying the tax, or else there could be no default. The specific objection was made in the court below, and specific attention called to this defect in the evidence. Levy from year to year under this chapter is essential in order to collect the

commutation tax, or require the work to be done permitted by this chapter of the road law. The conviction cannot be upheld. The appellant is entitled to be discharged.

Reversed, and appellant discharged.